[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves to strike the defendants' reply to the plaintiff's reply to the defendants' special defenses. The plaintiff offers three grounds for sustaining this motion, viz. that the defendants' reply was filed too late; that it was filed without leave of the court; and that the contents of the reply are fallacious.
As to the first ground, the court notes that the remedy provided by our rules of practice for failing to plead is by way of default rather than the striking of pleadings filed outside the time guidelines. Practice Book § 128 indicates that noncompliance with the rules of pleading may result in default or nonsuit. A motion to strike is inappropriate to address the failure to plead in a timely manner.
The gravamen of the third ground of the motion to strike is that the general denial contained in the defendants' reply to the plaintiff's reply is false. A motion to strike tests the legal sufficiency, and not the factual accuracy, of allegations.Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The plaintiff's suspicion as to the genuineness of the defendants' denial affords no basis to grant this motion to strike.
The second ground of the motion to strike is well taken, however. Practice Book § 173 permits pleadings subsequent to a plaintiff's reply to special defenses only "by leave of the court". The defendants neither sought nor obtained the court's permission to file such pleadings. In fact, the very existence of § 173 appears to obviate the need for a defendant to respond. In other words, the plaintiff's filing of a reply to special defenses closes the pleadings without further response by a CT Page 2414 defendant to deny the matters averred in that reply. The motion to strike is granted on this ground only, and the defendants may seek leave to file subsequent pleadings within the time period provided for pleading over.
Sferrazza, J.